UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>            Plaintiff,<br><br>     v.<br><br>ELVIA HERNANDEZ, individually and dba TAQUERIA GUADALAJARA; JOSE OSCAR HERNANDEZ, individually and dba TAQUERIA GUADALAJARA,<br><br>            Defendants. | Case No.  1:22-cv-00643-ADA-BAM<br><br>ORDER VACATING DECEMBER 2, 2022 HEARING<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On September 28, 2022, Plaintiff Jose Trujillo ("Plaintiff") filed the instant motion for default judgment against Defendants Elvia Hernandez, individually and dba Taqueria Guadalajara, and Jose Oscar Hernandez, individually and dba Taqueria Guadalajara (collectively "Defendants").  (Doc. 11.)  No opposition has been filed, and the time in which to do so has passed.  L.R. 230(c).  The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing set for December 2, 2022, is HEREBY VACATED.

///

1

Having considered the moving papers and the record in this action, and for the reasons that follow, the Court RECOMMENDS that Plaintiff's motion for default judgment be granted in part.

**I.     FACTUAL BACKGROUND**

On May 27, 2022, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California's Unruh Civil Rights Act, California Civil Code § 51, and the California Health and Safety Code, alleging violations at Taqueria Guadalajara, located at 700 West Inyo Avenue, Tulare, California 93274 (the "Facility"), which is owned, operated and/or leased by Defendants. (Doc. 1, Compl. at ¶¶ 1-2, 7.)

Plaintiff alleges that he is substantially limited in his ability to walk, uses a wheelchair or cane for mobility, and is physically disabled under state and federal law. (*Id.* at ¶ 8.) Plaintiff asserts that he lives less than fifteen miles from the Facility and visited the Facility on July 29, 2021, to have dinner. During his visit, Plaintiff encountered barriers that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. (*Id.* at ¶10.) Plaintiff's complaint seeks statutory damages, attorneys' fees and costs, injunctive relief and declaratory relief. (*Id.* at pp. 8-9.)

Plaintiff served Defendant Elvia Hernandez personally with the summons and complaint on June 17, 2022. (Doc. 4.) Plaintiff served Defendant Jose Oscar Hernandez with the summons and complaint on June 17, 2022, by substituted service on Elvia Hernandez. (Doc. 5.) The Clerk of the Court entered default against Defendants Elvia Hernandez and Jose Oscar Hernandez on July 11, 2022. (Doc. 7.)

Plaintiff filed the instant motion against Defendants on September 28, 2022, seeking default judgment in the total sum of $7,249.89 for statutory damages and attorneys' fees and costs, along with declaratory and injunctive relief. (Docs. 11 and 11-1.) Plaintiff served Defendants with a copy of the motion by mail. (Doc. 11-7.) No timely opposition was filed. *See* L.R. 230(c) ("Opposition, if any, to the grating of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.").

**II.     LEGAL STANDARD FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

**III.    DISCUSSION**

    **A.  Service of Process**

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *2 (E.D. Cal. Dec. 15, 2010).

    <u>Individual Defendants</u>

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States. An individual may be served by:

    (1) following state law for serving a summons in an action brought in courts of

>> general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  According to the executed returns of service on file, Defendant Elvia Hernandez was personally served with the summons and complaint. (Doc. 4.)  Defendant Jose Oscar Hernandez was served by leaving a copy of the summons and complaint at his dwelling or usual place of abode, 238 Martin St., Tulare, California 93724, with co-occupant Elvia Hernandez.  (Doc. 5.)  The summons and complaint were subsequently mailed to Defendant Jose Oscar Hernandez at the same address.  (*Id.* at 3.)

The Court finds that Plaintiff properly served Defendants Elvia Hernandez and Jose Oscar Hernandez pursuant to Federal Rule of Civil Procedure 4(e).

### B. The *Eitel* Factors Weigh in Favor of Default Judgment

#### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).   Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted.   Default has been entered against Defendants and Plaintiff has no other means to recover against them.  This factor weighs in favor of default judgment.

#### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.  Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

4

*DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

In the motion for default judgment, Plaintiff appears to have abandoned his California Health and Safety Code claim. (*See generally* Doc. 11-1.) The Court therefore limits its discussion to Plaintiff's claims arising under the ADA and California's Unruh Civil Rights Act ("Unruh Act'").

### a. ADA

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Hawai'i 2000) (emphasis in original).

A private party is only entitled to injunctive relief under Title III of the ADA; however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Plaintiff alleges that he is substantially limited in his ability to walk and uses a wheelchair or cane for mobility and that he therefore is disabled as defined by applicable law. Plaintiff also alleges that the Facility is a public accommodation and open to the public. (Compl. at ¶¶ 8-9.)

5

1 | Plaintiff further alleges that Defendants own, operate and/or lease the Facility and the
2 | architectural barriers identified are easily removed without much difficulty or expense. (*Id.* at ¶¶
3 | 7, 21.)
4 | Specifically, Plaintiff contends that he lives less than fifteen (15) miles from the Facility
5 | and visited the Facility on July 29, 2021, to have dinner. (*Id.* at ¶ 10). On the date of his visit, he
6 | could not locate any designated accessible parking in the Facility's parking lot. The lot was full,
7 | and he ended up having to park on the street, where it was difficult for him to unload due to
8 | excessive ground slopes. It also was difficult for Plaintiff to maneuver his wheelchair along the
9 | path of travel to the Facility's service windows and dining area, because the surface of the route
10 | was uneven and damaged, with large cracks, height changes, and gaps. (*Id.*) Additionally, none
11 | of the dining tables were accessible. They were concrete picnic bench-style tables that had a high
12 | surface and lacked clear space for a wheelchair. Plaintiff asserts that he could not sit comfortably
13 | at the table. Plaintiff further asserts that the service window and transaction counter were too
14 | high and narrow for Plaintiff to use the payment device without assistance. The pick-up window
15 | and counter were even higher, making it difficult for Plaintiff to retrieve his food. The Facility's
16 | menu also was mounted high on the wall above the service windows, with small type, and
17 | Plaintiff had difficulty seeing it from his wheelchair-seated position. (*Id.*) Plaintiff asserts that he
18 | was denied full and equal enjoyment and use of the goods, services, facilities, privileges and
19 | accommodations of the Facility. (*Id.* at ¶ 18.)
20 | These allegations are taken as true due to Defendants' default, and Plaintiff has met his
21 | burden of stating a *prima facie* claim for discrimination under Title III. Plaintiff is thereby
22 | entitled to injunctive relief for the violations of the ADA.
23 | b.  Unruh Act
24 | Plaintiff also brings a state law claim for violation of the Unruh Act. A violation of the
25 | ADA also violates the Unruh Act. Cal. Civ. Code § 51(f). The Unruh Act provides for statutory
26 | damages of no less than $4,000 for each and every offense, as well as attorney's fees. Cal. Civ.
27 | Code § 52(a). A litigant need not prove any actual damages to recover statutory damages of
28 | $4,000. *Molski*, 481 F.3d at 731. As Plaintiff's allegations state a cause of action entitling him to

relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

For the reasons set forth above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks a single statutory minimum penalty assessment of $4,000.00 pursuant to the Unruh Act, along with actual attorneys' fees and costs incurred in the amount of $3,249.89. (Doc. 11-1 at pp. 7-9.) The amount of money at stake, totaling $7,249.89, is relatively small and it does not seem unreasonable in light of the allegations contained in the complaint. Accordingly, this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Following the Clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists. Further, Defendants' failure to file an answer in this case and their failure to file a response to the request for entry of default or a response to the instant motion supports the conclusion that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the

7

1  paper in support of the [default judgment] motion," there is no evidence of excusable neglect.

2  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

3        Upon review of the record, the Court finds that the default was not the result of excusable

4  neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Defendants were properly served with the

5  complaint, the request for entry of default, (*see* Doc. 6-2), and the motion for default judgment,

6  which included notification of the Clerk's entry of default. Despite service with these documents,

7  Defendants have not appeared in this action. Thus, the record suggests that Defendants have

8  chosen not to participate in this action, and not that the default resulted from any excusable

9  neglect. Accordingly, this factor weighs in favor of the entry of a default judgment.

10                  6.   <u>The Strong Policy Favoring Decisions on the Merits</u>

11        "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782

12  F.2d at 1472. However, district courts have concluded with regularity that this policy, standing

13  alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

14  *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F.

15  Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the Court is cognizant of the policy

16  favoring decisions on the merits, that policy is unavailable here because Defendants have not

17  appeared in this action. Accordingly, the Court finds that this factor does not weigh against entry

18  of default judgment.

19              **C. Damages**

20                  1.   <u>Injunctive Relief</u>

21       Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint. In

22  particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's

23  access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to

24  alter facilities to make such facilities readily accessible to and usable by individuals with

25  disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and

26  state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered

27  on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring

28  Defendants to provide accessible parking, an accessible route of travel from the accessible

parking stall(s) to the Facility service window, an accessible dining table, an accessible portion of the service window and transaction counter, and a menu visible from a wheelchair-seated position and/or a printed menu that can be handed to customers.

### 2. Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by California law. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005). Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.

### 3. Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs. Both the ADA and Unruh Act authorize the award of attorney's fees and costs for an action. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Here, Plaintiff's counsel seeks an award of $2,456.00 in attorneys' fees, plus $793.89 in litigation costs. (Docs. 11-1 at 9; Doc.11-3, Exs. A-C, F to Declaration of Tanya E. Moore ("Moore Decl.".) Specifically, Plaintiff requests: (1) $1,950.00 for 6.5 hours of work expended by attorney Tanya E. Moore at an hourly rate of $300; (2) $184.00 for 1.6 hours of work expended by paralegal Whitney Law at an hourly rate of $115.00; and (3) $322.00 for 2.8 hours of work expended by paralegal Isaac Medrano at an hourly rate of $115.00. (Doc. 11-1 at 9.)

#### Hourly Rates

As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano. (Doc. 11-1 at 9.) Courts in this district have found these rates reasonable for the services of attorney Moore and for

the services of her paralegals. *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017); *accord e.g., Trujillo v. GH Food Mart, Inc.*, No. 1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La Valley Foods, Inc.*, No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017). The Court therefore finds the requested hourly rates to be reasonable for Ms. Moore and her paralegals.

<u>Attorney Time Expended by Ms. Moore</u>

Plaintiff seeks recovery for 6.5 hours of work performed by Ms. Moore at $300.00 per hour. (Doc. 11-1 at 9.) When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 6.5 hours billed by Ms. Moore is reasonable. (Doc. 11-3, Ex. A to Moore Decl.) The Court will recommend awarding Plaintiff $1,950.00 for 6.5 hours of work by Ms. Moore to litigate this case.

<u>Paralegal Time Expended by Whitney Law and Isaac Medrano</u>

Plaintiff seeks compensation for 1.6 hours expended by paralegal Whitney Law at $115.00 per hour, and 2.8 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc. 11-1 at 9.) When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 1.6 hours billed by Whitney Law is reasonable. (Doc. 11-3, Ex. A to Moore Decl.) However, a review of the billing records of Isaac Medrano reveals that certain tasks he provided in this action were clerical in nature. In billing for legal services, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Specifically, Mr. Medrano billed .30 on June 1, 2022, to review the order setting scheduling conference, calendaring the scheduling conference date, setting the deadline for Rule 26 meet and confer, and setting the deadline to file a joint scheduling report. (Doc. 11-3, Ex. A to Moore Decl.) The Court finds that this billable entry generally describes clerical tasks and should not be reimbursed at a paralegal rate. The Court will deduct .30 hours from Isaac Medrano's time.

///

1         Based on the above, the Court will recommend an award of 4.1 hours of paralegal time
2  comprised of 1.6 hours for Whitney Law ($115.00 hourly rate) and 2.5 (2.8 - .30) hours for Isaac
3  Medrano ($115.00 hourly rate) for a total of $471.50.

4         <u>Litigation Expenses and Costs</u>

5         Plaintiff requests recovery of litigation expenses and costs of $793.89.   (Doc. 11-1 at 9;
6  Doc. 11-3, Exs. B, C and F to Moore Decl.)  Under the ADA, a district court, in its discretion, can
7  allow the prevailing party other than the United States to recover a reasonable attorney's fee,
8  including litigation expenses and costs. 42 U.S.C. § 12205.  The costs here include the court filing
9  fee, costs of service, and fee for a pre-filing site inspection of the facility, which are compensable.
10 *See Trujillo v. La Valley Foods, Inc*., 2017 WL 2992453, at *7 (finding costs for court filing fee,
11 costs of service, and fee for a pre-filing site inspection of the facility compensable). Accordingly,
12 the Court will recommend that Plaintiff be awarded the sum of $793.89 for litigation expenses
13 and costs.

14        **V.     CONCLUSION AND RECOMMENDATION**

15        Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

16        1.      Plaintiff's motion for default judgment be GRANTED IN PART;

17        2.      Defendants be found and declared to be in violation of Title III of the Americans
18 with Disabilities Act and the California Unruh Civil Rights Act;

19        3.       Defendants be ordered to make the following modifications to the facility known
20 as Taqueria Guadalajara, located at 700 West Inyo Avenue in Tulare, California 93274, such that
21 each item is brought into compliance with the accessibility requirements of the Americans with
22 Disabilities Act and California Code of Regulations, Title 24, as follows:

23        a) Provide the required number of properly configured and identified accessible parking
24 stall(s);

25        b) Provide a properly configured accessible route of travel from the designated accessible
26 parking to the Facility service window;

27        c) Provide a properly configured accessible dining table;

28        d) Provide a properly configured accessible portion of the service window and transaction

counter;

      e) Provide a menu visible from a wheelchair-seated position and/or printed menu that can be handed to customers;

    4.     Judgment be entered in Plaintiff's favor and against Defendants in the amount of $7,215.39, consisting of:

      a.     Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000.00;

      b.     Plaintiff be awarded attorney's fees and costs in the amount of $3,215.39 (attorney's fees in the amount of $1,950.00 (6.5 hours at $300 per hour), paralegal fees in the amount of $471.50. (4.1 hours at $115.00 per hour), and costs of suit in the amount of $793.89); and

    5.     Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each defendant at that defendant's last known address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2022**       /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE